IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| AB PR QOZB IV PROPERTY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00280 |
| | ) | |
| v. | ) | Judge Richardson |
| | ) | Magistrate Judge Newbern |
| METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE AND
STAY DISCOVERY**

Metro moves to continue the initial case management conference and stay discovery pending the Court's decision on Metro's motion to dismiss. (Doc. Nos. 14 & 15.) Discovery should be stayed for the moment because the motion to dismiss raises threshold legal issues that may dispose of the case in its entirety, namely: **sovereign immunity** and the applicable **statutes of limitations** governing Plaintiff's claims. Discovery is not necessary to resolve these issues. Staying discovery before resolving the motion will drastically reduce the time and resources expended on the case, promoting judicial economy with no resulting harm to the parties.

**LEGAL STANDARD**

Factors relevant to a stay of discovery include: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Davis v. Kohler Co.*, No. 115CV01263STAEGB, 2018 WL 6517126, at *1 (W.D. Tenn. Sept. 7, 2018).

# ARGUMENT

**I. A STAY IS APPROPRIATE WHEN FUNDAMENTAL LEGAL QUESTIONS SUCH AS SOVEREIGN IMMUNITY AND THE STATUTE OF LIMITATIONS ARE AT STAKE.**

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (internal quotation marks omitted, quoting *Hahn*, 190 F.3d at 719). Discovery limitations are appropriate "where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

A stay of discovery is appropriate when a threshold defense such as immunity is raised. "A discovery stay may serve the interests of judicial economy, for example, where the defendant has raised a defense, such as…immunity, which must, as a matter of law, be addressed before discovery appears or where it appears that the complaint will almost certainly be dismissed." *Shelly & Sands, Inc. v. Dement*, No. 2:22-CV-4144, 2023 WL 6531511, at *2 (S.D. Ohio Oct. 6, 2023) (cleaned up). So too in cases where a defendant asserts a statute of limitations defense, which, if meritorious, means that "the scope of discovery and factfinding will be greatly reduced." *Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *3 (E.D. Mich. Oct. 28, 2022).

Moreover, courts have broad discretion in "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. P. 16(c)(2)(L). Thus, proactive management of discovery is especially apt in class action litigation, which can demand a "huge amount of judicial resources" due to complex issues and multiple parties. *Harrison v. Montgomery*

*Cty., Ohio*, No. 3:19-CV-288, 2022 WL 2668203, at *2 (S.D. Ohio July 11, 2022) (quoting *Pipefitters Local 636 v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011)).

**II.     THE ISSUES RAISED IN THE PENDING MOTION TO DISMISS SUPPORT A STAY OF DISCOVERY.**

Much, if not all, of the discovery that Plaintiff may seek hinges on the same legal issues that Metro Nashville has submitted to the Court through its pending motion. (Doc. Nos. 14-15.) In that motion, Metro asserts that:

(1) Sovereign immunity bars Plaintiff's trespass and other state-law claims regarding the approval and denial of permits; and

(2) The one-year statute of limitations applies to all of Plaintiff's claims.

A stay will simplify the issues in this case and advance judicial economy because Metro has raised sovereign immunity as a defense, and the Court should address this issue before the case proceeds any further. *Shelly & Sands*, 2023 WL 6531511, at *2. It would be a waste of resources for both parties to engage in discovery on claims that may not be viable.

Finally, a stay is appropriate because discovery is not necessary to decide the issues before the Court, which should be decided before this litigation proceeds any further. *Howard v. Mgmt. & Training Corp.*, No. 13-3443, 2014 WL 12971771, at *3 (6th Cir. Nov. 14, 2014) (finding no abuse of discretion in granting a stay because "[d]iscovery was not necessary to a resolution of the defendants' pending motion for judgment on the pleadings"). Indeed, sovereign immunity and the applicable statute of limitations are "threshold legal questions" that "would be substantially vitiated absent a stay." *Meros v. Dimon*, No. 2:18-CV-00510, 2018 WL 4560596, at *2 (S.D. Ohio Sept. 24, 2018) (citation and quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Metro respectfully requests that this Court continue the initial case management conference and stay discovery pending the Court's decision on Metro's motion to dismiss.

Respectfully submitted,

/s/ *J. Brooks Fox*
J. BROOKS FOX (#16096)
BENJAMIN A. PUCKETT (#40042)
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6375
brook.fox@nashville.gov
benjamin.puckett@nashville.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been delivered via the CM/ECF electronic filing system to Kate Skagerberg, Mackenzie Keffalos, NELSON MULLINS RILEY & SCARBOROUGH, LLP, 1222 Demonbreun Street, Ste 1700, Nashville, TN 37203, on May 1, 2024.

/s/ *J. Brooks Fox*
J. Brooks Fox

{N0610774.1}   4

Case 3:24-cv-00280    Document 17    Filed 05/01/24    Page 4 of 4 PageID #: 60