**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| **AB PR QOZB IV PROPERTY, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) **Case No. 3:24-cv-00280** |
| | ) |
| **v.** | ) **Judge Richardson** |
| | ) **Magistrate Judge Newbern** |
| **METRO GOVERNMENT OF** | ) |
| **NASHVILLE AND DAVIDSON** | ) |
| **COUNTY, TENNESSEE,** | ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY

Plaintiff, AB PR QOZB IV PROPERTY, LLC ("**AB PR QOZB IV**"), respectfully requests that this Court deny Defendant Metropolitan Government of Nashville and Davidson County, Tennessee's ("**Metro Nashville**") Motion to Continue Initial Case Management Conference and Stay Discovery to ensure judicial efficiency and avoid prejudice.

### PROCEDURAL POSTURE

Pleadings: This is an inverse condemnation case. AB PR QOZB IV filed its original Complaint on March 8, 2024. (Doc. 1). Metro Nashville filed its responsive pleading, a Rule 12 Motion to Dismiss, on April 22. (Docs. 14, 15). AB PR QOZB IV filed its opposition to the Motion to Dismiss on May 6. (Doc. 18). On May 20, Metro Nashville moved to extend its reply deadline, which AB PR QOZB IV does not oppose. (Doc. 20). AB PR QOZB IV filed its First Amended Complaint as a matter of right on May 13, 2024. (Doc. 21).

Initial Case Management Conference: The Initial Case Management Conference was originally set for May 9, 2024. (Doc. 5). Metro Nashville moved for an extension to respond to the Complaint and a continuance of the Initial Case Management Conference, which AB PR QOZB

1

IV did not oppose. (Doc. 10). The Court granted Metro Nashville's motion and reset the Initial Case Management Conference to May 16. (Doc. 11). The Court then rescheduled the Initial Case Management Conference for May 23 due to a conflict with the Court's schedule. (Doc. 19).

Metro Nashville filed the present Motion to Continue Initial Case Management Conference and Stay Discovery on May 1, based on the fact it filed a Motion to Dismiss. (Doc. 16).

## LEGAL STANDARD

Dispositive motions do not presumptively warrant staying discovery. Consistent with Sixth Circuit case law, the local rules do not automatically stay discovery pending ruling on dispositive motions. LR 16.01(g). A movant seeking to stay discovery must make a strong showing of good cause. *Cockrill v. Mortgage Elec. Registration Sys.*, No. 3:13-0031, 2013 WL 1966304, at *2 (M.D. Tenn. May 10, 2013), report and recommendation adopted sub nom. *Cockrill v. Mortgage Elec. Sys.*, No. 3-13-0031, 2013 WL 2385134 (M.D. Tenn. May 30, 2013). In determining whether a stay is appropriate, courts "balanc[e] the competing interests of the parties with the Court's duty to promote judicial economy and efficiently manage its docket," with judicial efficiency as the "overriding consideration." *Cobble v. 20/20 Commc'ns, Inc.*, No. 2:17-CV-53-TAV-MCLC, 2017 WL 4544598, at *3 (E.D. Tenn. Oct. 11, 2017).

## ANALYSIS

Metro Nashville's Motion to Dismiss does not warrant staying the proceedings. As this Court has noted, "[e]arly dispositive motions challenging standing are not uncommon in litigation and thus do not create exceptional circumstance to justify a stay." *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021). Metro Nashville does not present any exceptional circumstances that warrant a stay of this case. It has not "articulat[ed] specific facts that show a clearly defined and serious injury resulting from the discovery sought."

2

*Id.* It has simply filed a potentially dispositive motion that "reasonably can be characterized as fairly debatable"—a circumstance in which this Court routinely declines to stay cases. *Id.*

Metro Nashville argues that a stay "will drastically reduce the time and resources expended on the case, promoting judicial economy with no resulting harm to the parties." Mot. to Stay (Doc. 16) at 1. Potential inconvenience and expense are not good cause to stay discovery. *Collabera* at *1. Contrary to Metro Nashville's statement, staying discovery would reduce judicial efficiency. When AB PR QOZB IV's causes of action accrued is a fact question and also the basis for Metro Nashville's Motion to Dismiss. Delaying discovery until the Court rules on the Motion to Dismiss would needlessly delay the discovery process that is necessary to resolve this case and prolong the pendency of this case.

Importantly, AB PR QOZB IV's damages continue to accrue while this case is pending. Delaying discovery, and thus a resolution to the case, will harm AB PR QOZB IV but not Metro Nashville. The longer discovery is postponed, the longer AB PR QOZB IV waits for a resolution and the more harm AB PR QOZB IV suffers. Therefore, in the interest of justice, this Court should deny Metro Nashville's Motion to Stay.

## CONCLUSION

For the foregoing reasons, AB PR QOZB IV respectfully requests the Court enter an Order denying Defendant's Motion to Continue Initial Case Management Conference and Stay Discovery.

*[Signature page follows.]*

3

Dated: May 15, 2024                    Respectfully submitted,

*/s/ Kate Skagerberg*
Kate Skagerberg, BPR No. 040096
Mackenzie Keffalos, BPR No. 38355
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
1222 Demonbreun Street, Ste 1700
Nashville, TN 37203
(615) 664-5333
Kate.Skagerberg@nelsonmullins.com
Mackenzie.Keffalos@nelsonmullins.com

*Attorneys for Plaintiff*
*AB PR QOZB IV PROPERTY, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served electronically on counsel for

Defendant as follows:

J. Brooks Fox
Metropolitan Legal Department
P. O. Box 196300
Nashville, TN 37219
(615) 862-6375
Brook.Fox@nashville.gov

Dated: May 15, 2024                    */s/ Kate Skagerberg*
                                       Kate Skagerberg

5