IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AB PR QOZB IV PROPERTY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-0280 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) Judge Eli Richardson<br>) Magistrate Judge Alistair E. Newbern |
| Defendants. | ) |

**FIRST AMENDED PROPOSED INITIAL CASE MANAGEMENT ORDER**

    A.    JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332.

    B.    BRIEF THEORIES OF THE PARTIES: [not to be verbatim recitation of the pleading and should be as brief as reasonably feasible]:

**For Plaintiff:** This is an inverse condemnation case. On or about September 15, 2021, Plaintiff AB PR QOZB IV purchased real property, located at 201 Cowan Street, Nashville, TN 37218 (Parcel ID 082-140-043.00), with the intention to develop the Property with a multi-story residential structure and a parking facility. After AB PR QOZB IV expended substantial resources and time preparing the Property for development, Metro Nashville, without warning, placed a permit lock on the Property in November 2021, preventing AB PR QOZB IV from further developing the Property. The Permit Lock, which remains in place today with no end in sight, was unilaterally implemented by Metro Nashville to preserve the East Bank area for its merely conceptual Vision Plan.

    Metro Nashville has an obligation to issue proper and timely permits. As a direct consequence of Metro Nashville's indefinite Permit Lock, AB PR QOZB IV has suffered,

and continues to suffer, substantial economic harm. Metro Nashville's illegal and indefinite de facto moratorium on the issuance of permits constitutes an illegal regulatory taking of AB PR QOZB IV's Property without consent, and without due process of law or compensation in violation of the Fifth Amendment of the United States Constitution and Article I, § 21 of the Tennessee Constitution.

**For Defendant:** By summer 2021, multiple public workshops were being held regarding the Imagine East Bank plan. When Plaintiff purchased the Property in September 2021, Plaintiff was well aware of the East Bank planning and that a redesign of the street layout for the entire East Bank was underway. Plaintiff alleges that the Property was subject to a "lock" in November 2021. However, this was Metro's flagging mechanism to alert the Planning Department when a permit was being requested along the Spine Road corridor (as discussed in the Amend. Compl., Doc. No. 21, ¶¶ 22-29), so that Planning could be a part of the review process for any applicable property. This was never a "bar" or "prohibition" against all permits for the Property, as alleged.

Also, the planned Spine Road will not bisect the Property, as alleged (¶ 22). Instead, it will be located only on the SW corner of the lot, and along its westerly margin, thus making the Property well-suited for further development, located on the main thoroughfare of the new East Bank area. The new roadways and associated infrastructure, once completed, will *hugely* increase the value of Plaintiff's Property and make it available for any number of economically-viable projects. As to other defenses, Plaintiff alleges that a "bar" to development was put in place in November 2021. But there is no "continuing violations" theory available in takings law, so even if that were true, the one-year

limitations period applies. Any claims of "reliance" (¶¶ 14-15), "estoppel" (¶ 80), or similar claims about issuing (or not issuing) permits are barred by Metro's sovereign immunity.

    C.     ISSUES RESOLVED: Jurisdiction and venue.

    D.     ISSUES STILL IN DISPUTE: Liability and damages.

    E.     INITIAL DISCLOSURES: Defendant Metro objects to taking any discovery at this time (or requests that it be put off an additional 60 days), to allow sufficient time for the absolute immunity issues to be resolved.[1] Without waiving this objection, Defendant is participating in this case management process to stay in keeping with Judge Newbern's Order of May 23, 2024. (Doc. No. 26.)

If the Court permits discovery to proceed, the parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before October 15, 2024.

    F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for

---

[1] Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on May 31, 2024. (Docs. 29, 30). Plaintiff filed its Response in Opposition on June 14. (Doc. 31). Defendant filed its Reply on June 21, 2024. (Doc. 32).

scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G.     DISCOVERY: <u>Defendant's objection</u>: As stated above, Defendant Metro objects to taking any discovery at this time (or requests that it be put off an additional 60 days), to allow sufficient time for the absolute immunity issues to be resolved. Without waiving this objection, Defendant is participating in this case management process to stay in keeping with Judge Newbern's May 23, 2024 order. (Doc. No. 26.)

The parties shall complete all written discovery and depose all fact witnesses on or before **November 14, 2025**. <u>Plaintiff's position</u>: Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **November 12, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. <u>Defendant's position</u>: Discovery shall be put off an additional 60 days in order to allow time for resolving the immunity issues. A follow-up case management conference shall be scheduled after that so that the Parties might report the status of the case and any required adjustments in these dates and deadlines. <u>Agreed position</u>: The parties agree that written discovery should begin before depositions do, and that, if the Court permits discovery to being and adopts the dates proposed herein, fact witness depositions may begin on **January 26, 2025**.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **October 15, 2025**.

H.  MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than thirty (30) days after initial disclosures are made.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I.  DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 16, 2025**. The defendant shall identify and disclose all expert witnesses and reports on or before **October 24, 2025**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in

a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and I. Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **December 9, 2025**.

      J.      NEXT CASE MANAGEMENT CONFERENCE. The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

      K.      DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **January 13, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

      L.      ELECTRONIC DISCOVERY. The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No. 174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order

6

Case 3:24-cv-00280   Document 36   Filed 09/12/24   Page 6 of 8 PageID #: 160

No. 174-1 must be reduced to writing and either signed by counsel or confirmed in email between them, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. **MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The JURY trial of this action is expected to last approximately five (5) days. A trial date no earlier than _____, **2026** is respectfully requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so **ORDERED.**

_____
United States Magistrate Judge

APPROVED FOR ENTRY:

*Attorneys for Plaintiff*

*/s/ Kate Skagerberg*
Kate Skagerberg (BPRN 40096)
Mackenzie Keffalos (BPRN 38355)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
1222 Demonbreun St., STE 1700
Nashville, Tennessee 37203
Email: kate.skagerberg@nelsonmullins.com
Email: Mackenzie.keffalos@nelsonmullins.com
Phone: (615) 664-5351

*Attorneys for Defendant*


*/s/ J. Brooks Fox*
J. Brooks Fox (BPRN 16096)
Benjamin A. Puckett (BPRN 40042)
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6375
Brooks.fox@nashville.gov
Benjamin.puckett@nashville.gov