**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AB PR QOZB IV PROPERTY, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:24-cv-00280** |
| | ) | |
| **v.** | ) | **Judge Richardson** |
| | ) | **Magistrate Judge Evans** |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.01, Plaintiff AB PR QOZB IV Property, LLC ("Plaintiff") respectfully moves for leave to file a Second Amended Complaint in the form attached as Exhibit 1, in compliance with M.D. Tenn. L.R. 15.01(a). In support, Plaintiff states as follows. The proposed amendment does not add a new cause of action. Rather, it updates the operative pleading to reflect the June 4, 2026 lifting of the permit restriction (the "Permit Lock") at issue in this case, conforms Plaintiff's existing claims to the now-defined period during which that restriction was in effect, supplements allegations concerning Metropolitan Government of Nashville and Davidson County, Tennessee's ("Metro Nashville") communications about the nature of the Permit Lock including, but not limited to the April 19, 2023 Metropolitan Department of Law letter, and adds allegations addressing timeliness issues in Metro Nashville's pending dispositive motions.

The proposed amendments arise from the same Property, Permit Lock, and course of conduct already at issue in this litigation. The principal new factual developments are known to

Metro Nashville. Plaintiff therefore respectfully requests that the Court grant leave under Rule 15(a)(2).

Pursuant to Local Rule 15.01(b), counsel for Plaintiff conferred with counsel for Defendant regarding the relief requested and Metro Nashville opposes this Motion.

## MEMORANDUM OF LAW

### I. Background

Plaintiff filed the Original Complaint on March 8, 2024 [ECF 19], asserting claims arising from Metro Nashville's placement and maintenance of a permit lock (the "Permit Lock") on Plaintiff's real property located at 201 Cowan Street, Nashville, Tennessee (the "Property"). On May 13, 2024, Plaintiff filed the First Amended Complaint [ECF 21] as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). The First Amended Complaint asserts claims for declaratory judgment, per se taking, total regulatory taking, non-categorical taking, and procedural due process violation. Metro Nashville filed a Motion to Dismiss the First Amended Complaint [ECF 29] on May 31, 2024, which remains pending.

On February 11, 2026, Metro Nashville filed a Motion for Summary Judgment [ECF 50]. While that motion was pending, the factual posture of the case materially changed. On June 4, 2026, Metro Nashville's counsel notified Plaintiff's counsel in writing that the Permit Lock has been lifted [ECF 67-1]. Metro Nashville advised that "all of the flags have been lifted from the properties that had been identified as being within the potential corridor for the spine road in the East Bank Development area" and that Plaintiff was "free to submit whatever development application(s) [it] wish[es] to submit."

Plaintiff notified the Court of that development on August 6, 2026 [ECF 67]. In its August 10, 2026 Order [ECF 68], the Court recognized that "the removal of the 'permit restriction' appears

to be a material factual change in the case" and directed the parties to address the effect of that change on Metro Nashville's pending dispositive motions. On August 17, 2026, Metro Nashville filed a Corrected Notice [ECF 70] electing to have its Motion to Dismiss considered as filed and to withdraw and refile its summary-judgment motion. The Court then entered an August 19, 2026 Order [ECF 71] leaving the Motion to Dismiss under consideration and denying the then-pending Motion for Summary Judgment as moot, with leave to refile within thirty (30) days. Metro Nashville filed its renewed Motion for Summary Judgment on September 2, 2026 [ECF 72].

The proposed Second Amended Complaint updates the operative pleading to account for these developments. Among other things, it alleges that the Permit Lock remained in effect from approximately November 23, 2021 through June 4, 2026; incorporates Metro Nashville’s June 4, 2026 notice lifting the Permit Lock; supplements the allegations concerning Plaintiff’s BZA variance and Metro Nashville’s April 19, 2023 letter; and adds allegations addressing the timeliness of Plaintiff’s claims. The proposed Second Amended Complaint is attached as Exhibit 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, once a party may no longer amend its pleading as a matter of course, it may amend with the opposing party's written consent or the Court's leave. The Rule directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Supreme Court has instructed that leave should be freely given absent an apparent reason for denial, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit likewise applies Rule 15(a)'s liberal amendment policy and has recognized that delay, standing alone, ordinarily does not justify denial of leave without a showing of significant prejudice to the opposing party. *See Moore v. City of Paducah*, 790 F.2d 557, 559-62 (6th Cir. 1986).

## III. ARGUMENT

### A. The June 4, 2026 Material Factual Development Warrants Amendment of the Operative Pleading.

The First Amended Complaint was filed while the Permit Lock remained in place and therefore alleged an ongoing restriction on Plaintiff's ability to develop the Property. That circumstance changed on June 4, 2026, when Metro Nashville lifted the Permit Lock and advised Plaintiff that it was free to submit development applications. The Court subsequently recognized the removal of the Permit Lock as an apparent "material factual change in the case." [ECF 68].

The proposed Second Amended Complaint brings the operative pleading current with that material development. It alleges a defined Permit Lock period of approximately November 23, 2021 through June 4, 2026; incorporates Metro Nashville's June 4 lifting notice; and conforms Plaintiff's existing causes of action to the period during which the Permit Lock was in effect. It also updates Count I to address compensation for the period of the alleged taking, supplements Count II to address the effect of Metro Nashville's subsequent lifting of the Permit Lock on Plaintiff's per se taking claim, and conforms Counts III, IV, and V to the now-defined Permit Lock period.

These amendments conform the operative pleading to a material factual development that occurred during the pendency of this action and has already altered the posture of Metro Nashville's dispositive motions.

## B. The Proposed Amendment Supplements the Allegations Relevant to Metro Nashville's Statute-of-Limitations Defense.

The proposed Second Amended Complaint also supplements allegations relevant to the statute-of-limitations issue raised in Metro Nashville's pending motions. The First Amended Complaint already alleged that, on April 19, 2023, Metro Nashville informed Plaintiff that the Permit Lock was "likely to persist for an indefinite time." The proposed pleading supplies the surrounding BZA-variance context, quotes the operative language of Metro Nashville's April 19, 2023 letter, and attaches the letter as an exhibit. The letter reflects that Metro Nashville was not issuing permits for the Property and contemplated that the non-issuance would continue for an indefinite period.

The proposed pleading further alleges that Metro Nashville's maintenance of the Permit Lock constituted a continuing violation that persisted throughout the life of the Permit Lock. Because the challenged restriction continued until Metro Nashville lifted it on June 4, 2026, Plaintiff alleges that the limitations period did not begin to run until June 4, 2026 because the Permit Lock, by its own nature, constituted a continuing violation on an indefinite time basis renewed each day that the Permit Lock remained in effect. Metro Nashville's April 19, 2023 letter provides additional factual support for that theory because Metro Nashville itself acknowledged that the non-issuance of permits remained ongoing and was expected to persist for an indefinite period.

These allegations directly address a limitations issue already raised by Metro Nashville and do not introduce a new claim or unrelated conduct. The Court need not resolve the ultimate merits of Metro Nashville's statute-of-limitations defense to grant leave to amend. Rather, the proposed amendment ensures that the operative pleading contains the factual allegations relevant to that issue so that it may be resolved on a complete record.

### C. The Foman Factors Favor Leave to Amend.

There is no undue delay or bad faith. The principal factual development prompting amendment occurred on June 4, 2026 when Metro Nashville lifted the Permit Lock. Plaintiff promptly notified the Court of that development [ECF 67], and the Court then directed the parties to address its procedural effect [ECFs 68, 71]. This Motion follows those Orders and Metro Nashville's September 2, 2026 renewed Motion for Summary Judgment. The timing and substance of the proposed amendment therefore reflect neither bad faith nor dilatory motive, but Plaintiff's effort to conform its allegations to a material development that occurred during the pendency of this action.

Nor will the amendment unduly prejudice Metro Nashville. The proposed amendments concern the same Property, Permit Lock, development project, and alleged governmental conduct that have been at issue throughout this case. They do not inject a new transaction, occurrence, or unrelated theory into the case, but instead supplement the existing allegations to account for the conclusion of the same Permit Lock challenged throughout this litigation. Metro Nashville is fully aware of the operative facts: it authored the April 19, 2023 letter and, on June 4, 2026, made the decision to lift the Permit Lock—the very development that prompts the proposed amendment. Indeed, Metro Nashville has itself placed that development at issue in its renewed Motion for Summary Judgment, asserting as an Undisputed Material Fact that: "[t]he flag was lifted on June 4, 2026." [ECF 74, ¶ 11]. Metro Nashville therefore cannot credibly claim surprise or unfair prejudice from an amendment addressing a factual development that it both caused and affirmatively relied upon in seeking summary judgment. To be sure, Metro Nashville's decision to lift the Permit Lock will warrant additional discovery concerning that decision, including its timing and basis. But any such discovery arises directly from Metro Nashville's own conduct,

concerns facts largely within Metro Nashville's knowledge, and relates to the same course of events already at issue.

Finally, the proposed amendment is not futile. It incorporates a material factual development that occurred while this action was pending, supplements Plaintiff's allegations bearing directly on Metro Nashville's statute-of-limitations defense, and clarifies Plaintiff's existing takings and due-process theories now that the duration of the Permit Lock is known. The proposed amendments arise from the same conduct, transaction, and occurrence alleged in the original Complaint and First Amended Complaint and preserve the same core causes of action. See Fed. R. Civ. P. 15(c)(1)(B). Whether Metro Nashville ultimately prevails on its limitations defense is a merits question; it does not render futile an amendment that pleads additional facts directly bearing on accrual and the duration of the challenged governmental action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion for Leave to File Second Amended Complaint and permit Plaintiff to file the proposed Second Amended Complaint attached as Exhibit 1.

Dated: September 21, 2026

*/s/ S. Wade Malone*
S. Wade Malone, GA Bar No. 468015
Mackenzie Keffalos, BPR No. 38355
Laurence M. Papel, BPR No. 007185
1222 Demonbreun Street, Suite 1700
Nashville, Tennessee 37203
(615) 664-5333
Wade.malone@nelsonmullins.com
Mackenzie.keffalos@nelsonmullins.com
Larry.papel@nelsonmullins.com

*Attorneys for Plaintiff*
*AB PR QOZB IV Property, LLC*