IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **AB PR QOZB IV PROPERTY, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:24-cv-00280**<br><br>**Judge Richardson**<br>**Magistrate Judge Evans**<br><br>**JURY DEMAND** |

**DEFENDANT METRO'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant, Metropolitan Government of Nashville and Davidson County ("Metro Nashville"), hereby responds to the allegations in Plaintiff's Second Amended Complaint (Doc. No. 89) as follows:

Preliminary Statement

It is admitted that Plaintiff has filed the Second Amended Complaint against Metro Nashville pursuant to leave of the Court.

**JURISDICTION**

1. Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

2-5. Admitted.

**FACTS**

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

7. Admitted.

8. Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

9. It is admitted that Plaintiff submitted permit applications to Defendant. Defendant lacks sufficient information to admit or deny the remainder of the allegations in this paragraph; thus, they are denied.

10. Admitted upon information and belief.

11. Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

12.

a. Admitted that Andrew Wolthers of Catalyst Design Group requested a letter of water and sewer availability for the Property, and that Metro Nashville completed and approved the water/sewer availability review. The remainder of the allegations in this subparagraph are denied.

b. Admitted that on or around March 30, 2021, Andrew Wolthers of Catalyst Design Group appealed the decision of the Zoning Administrator, requesting "a variance from street level parking deck having office or commercial uses and raised foundation requirements," and that the BZA approved the variance request at a public hearing on May 20, 2021. Denied that Plaintiff was the named applicant for the variance, or that it was the named appellant for the BZA appeal/hearing.

c. Denied.

d. Defendant lacks sufficient information to admit or deny the allegations in this subparagraph; thus, they are denied.

e. Admitted that Catalyst Design Group and the previous property owner, Jay Z, LLC, submitted permit applications from June through September 2021.

f. Admitted that, on or around June 16, 2021, Defendant received building plans related to the master permit for the Property (T2021037897). Denied that Plaintiff was the named applicant for that permit.

g. Admitted that on or around July 6, 2021, Metro Nashville reviewed a building shell permit application related to the Property and provided comments. The remainder of the allegations in this subparagraph are denied.

h-i. Denied.

13. Denied.

14. Defendant lacks sufficient information to admit or deny the allegations about Plaintiff's intent, belief, or anticipation in this paragraph; thus, they are denied; Denied that approval of Plaintiff's building plans was imminent at any time during the permitting application process.

15-16. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs; thus, they are denied.

17. Admitted that Defendant's Department of Water and Sewerage Services approved a grading plans document associated with the Property on September 13, 2021; Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied.

18. Admitted that, on September 21, 2021, a storm water permitting pre-construction meeting was held related to the Property. Denied that this meeting with Metro Water would have been the appropriate setting for expressing "material concerns about the Project." The limited purpose of the meeting was to review the storm water grading permit. Both Plaintiff and the previous owner, JayZ, LLC, were aware before this meeting that the Project and the Property might be impacted by the Spine Road. The remainder of the allegations in this paragraph are denied.

19. Admitted that, on or around September 24, 2021, Defendant issued a demolition permit for the Property. Defendant lacks sufficient information to admit or deny the allegations in this paragraph about when (or if) Plaintiff completed demolition of the buildings on the Property; thus, they are denied.

20. Denied.

21-22. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs; thus, they are denied.

23. Admitted that Defendant has continuously engaged with multiple East Bank property owners, including Plaintiff, to communicate potential plans for the location of the Spine Road and the possible impact on the various properties. The remainder of the allegations in this paragraph are denied.

24. Admitted that Defendant issued a grading permit for the Property on November 4, 2021. The remainder of the allegations in this paragraph are denied.

25. Admitted that, on November 23, 2021, a flag was placed on the permit related to the Property (permit no. 2021072367); that the flag was placed without prior notice to Plaintiff and after issuing the Plaintiff grading permit; and that, while the flag was in place, Plaintiff could not move forward with the proposed development. The remainder of the allegations in this paragraph are denied.

26. Denied.

27. Admitted that Defendant had many discussions with Plaintiff about the status of the Spine Road and the Vision Plan through the end of 2021 and into 2022; that Defendant never indicated that Plaintiff would not be permitted to proceed with the Project; and that Defendant was (and remains) willing to work with Plaintiff by engaging in discussions about the plans for the Spine Road location related to the Project's construction footprint.

Defendant lacks sufficient information to admit or deny the allegations about Plaintiff's assumptions in these paragraphs; thus, they are denied.

28. Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

29. Admitted that Defendant adjusted the Project's water and sewer permit expiration dates in its system to February 25, 2023, and continued to guarantee Plaintiff's existing water and sewer capacity and fee schedule up to the new expiration date. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs about Plaintiff's mindset; thus, they are denied. It is denied that Plaintiff had already paid $294,000 in sewer capacity fees.

30. Admitted that Defendant continued to engage in discussions with Plaintiff about the Vision Plan and the duration of the permit flag; that, because of numerous factors, including acquisition of state, federal, and local funding, the Titans' stadium decision, the NEPA environmental review process, the U.S. Army Corps of Engineers and FEMA's floodplain study, and the ultimate placement of the Spine Road, Defendant could not provide Plaintiff with a firm date when the hold would be lifted. Defendant lacks sufficient information to admit or deny the allegations about Plaintiff's intentions or mindset in these paragraphs; thus, they are denied. The remaining allegations in this paragraph are denied.

31. Admitted.

32. Denied that Counsel Papel's statement that "Metro has frozen all permits on RangeWater's property" accurately characterizes the permit flag. The remainder of the allegations in this paragraph are admitted.

33. Admitted that, on or around April 19, 2023, Metro Nashville's Department of Law and Zoning Administrator sent a letter to Plaintiff stating, among other things, that

"the non-issuance of permits [was] likely to persist for an indefinite time." The remainder of the allegations in this paragraph are denied.

34. Admitted.

35. Admitted that the letter stated, among other things, that "the non-issuance of permits [was] likely to persist for an indefinite time." The remainder of the allegations in this paragraph are denied.

36-37. Denied.

38. Admitted that Defendant holds the exclusive authority to grant, deny, or delay permits such as Plaintiff's in this case and that permit flag was in effect from November 23, 2021, through June 4, 2026. The remainder of the allegations in this paragraph are denied.

39. Admitted.

40. Admitted that a permit flag was formally in place from November 23, 2021, through June 4, 2026. The remainder of the allegations in this paragraph are denied.

41. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs; thus, they are denied.

42. Denied.

43. Admitted that Plaintiff's grading permit expired on January 23, 2024. Defendant lacks sufficient information to admit or deny the allegations about Plaintiff's ability or decision-making process in these paragraphs; thus, they are denied. The remaining allegations in this paragraph are denied.

44-49. Denied.

50. This paragraph requires neither admission nor denial.

## BASIS FOR CLAIMS

51. Admitted that Plaintiff brings its takings claims under the Fifth Amendment of the United States Constitution, article I, section 21 of the Tennessee Constitution, and Tennessee Code Ann. § 29-16-123. Denied that these claims have any merit.

52. This paragraph accurately quotes from Article I, section 21 of the Tennessee Constitution.

53. This paragraph accurately summarizes the holding in *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 244 (Tenn. 2014).

54. This paragraph is denied because it misstates the holding of *DeVillier v. Texas*, 601 U.S. 285 (2024).

55-57. These paragraphs accurately summarize the law cited therein.

58-64. Denied.

## COUNT I
## DECLARATORY JUDGMENT
*TENN. CODE ANN. § 29-14-103*

65. Defendant's responses to paragraphs 1 through 64 are incorporated as if fully set forth herein.

66-71. Denied.

## COUNT II
## PER SE TAKING
*U.S. CONST. amend V; Tenn. Const. art. I, § 21; T.C.A. 29-16-123; 42 U.S.C. § 1983*

72. Defendant's responses to paragraphs 1 through 71 are incorporated as if fully set forth herein.

73-78. Denied.

**COUNT III**
**TOTAL REGULATORY TAKING**
*U.S. CONST. amend V; Tenn. Const. art. I, § 21; T.C.A. 29-16-123; 42 U.S.C. § 1983*

79. Defendant's responses to paragraphs 1 through 78 are incorporated as if fully set forth herein.

80-82. Denied.

**COUNT IV**
**NON-CATEGORICAL REGULATORY TAKING**
*U.S. CONST. amend V; Tenn. Const. art. I, § 21; T.C.A. 29-16-12; 42 U.S.C. § 1983*

83. Defendant's responses to paragraphs 1 through 82 are incorporated as if fully set forth herein.

84. This paragraph misstates the holding of *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978); thus, it is denied.

85-92. Denied.

**COUNT V**
**PROCEDURAL DUE PROCESS VIOLATION**
*U.S. CONST. amend XIV; 42 U.S.C. § 1983*

93. Defendant's responses to paragraphs 1 through 92 are incorporated as if fully set forth herein.

94. Admitted that Plaintiff has a property interest in the real property located at 201 Cowan Street, Nashville, TN 37213. Because it is unclear what Plaintiff means by "a vested property right," Defendant lacks sufficient information to admit or deny such allegations in this paragraph; thus, they are denied.

95-97. Denied.

98. Admitted that Tennessee law provides a procedure for Defendant to condemn or otherwise take possession of privately held land, including the Property. Denied that Defendant has condemned or otherwise taken Plaintiff's Property at all.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to any relief, whether specifically requested in, or otherwise suggested by, the Second Amended Complaint.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. Defendant Metro Nashville denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. Defendant Metro Nashville did not violate any constitutional right or other federal or Tennessee State right to which Plaintiff was entitled.

3. Plaintiff is not entitled to nominal, compensatory, or punitive damages; attorney's fees; or costs.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Second Amended Complaint, Defendant Metro Nashville prays:

1. That this be accepted as its Answer herein;
2. This cause be dismissed and held for naught;
3. That all costs and other reasonable fees be charged to and borne by Plaintiff;
4. That a jury hear all claims so triable; and
5. For such other relief as the Court deems appropriate.

Respectfully submitted,

THE DEPARTMENT OF LAW
OF THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

TYLER CHANCE YARBRO (#023553)
DIRECTOR OF LAW

/s/ *Benjamin A. Puckett*
ALLISON L. BUSSELL (#23538)
ASSOCIATE DIRECTOR OF LAW
BENJAMIN A. PUCKETT (#40042)
SENIOR COUNSEL
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov
benjamin.puckett@nashville.gov

*Counsel for Defendant Metro Nashville*